UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Gabriel Snow**, <br><br> Plaintiff, <br><br> v. <br><br> **The Factory Diner, LLC,** a Missouri Limited Liability Compan**y, MVM, LLC,** a Missouri Limited Liability Company, **Mehmet Memis,** and **Valerie Memis,** <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Gabriel Snow ("Plaintiff"), sues the Defendants, The Factory Diner, LLC, MVM LLC, Mehmet Memis, and Valerie Memis (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum and overtime wages under Missouri Minimum Wage Law, Missouri Revised Statutes ("M.R.S.") Sections 290.500 through 290.530.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. M.R.S. Sections 290.500 through 530, et seq., established minimum and overtime wage rates within the State of Missouri.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Eastern District of Missouri, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

6. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Washington County, Missouri, and is a former employee of Defendants.

7. At all material times, The Factory Diner, LLC was a limited liability company duly licensed to transact business in the State of Missouri. At all material times, Defendant The Factory Diner, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Farmington, Missouri.

8. At all relevant times, Defendant The Factory Diner, LLC owned and operated as "The Factory Diner," a restaurant located at 200 W. 1st Street, Farmington, MO, 63640.

9. Under the FLSA, Defendant The Factory Diner, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant The Factory Diner, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of The Factory Diner in relation to the company's employees, Defendant The Factory Diner, LLC is subject to liability under the FLSA.

10. At all material times, MVM, LLC was a limited liability company duly licensed to transact business in the State of Missouri. At all material times, Defendant MVM, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Farmington, Missouri.

11. At all relevant times, Defendant MVM, LLC owned and operated as "The Factory Diner 2," a restaurant located at 814 Market Street, Farmington, MO, 63640.

12. Under the FLSA, Defendant MVM, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant MVM, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of The Factory Diner in relation to the company's employees, Defendant MVM, LLC is subject to liability under the FLSA.

13. Defendant Mehmet Memis has caused events to take place giving rise to the claims in this Complaint. Mehmet Memis is an owner of Defendant MVM, LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendant Mehmet Memis is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Mehmet Memis had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Mehmet Memis is subject to individual liability under the FLSA.

15. Defendant Valerie Memis has caused events to take place giving rise to the claims in this Complaint. Valerie Memis is an owner of Defendant The Factory Diner, LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendant Valerie Memis is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Valerie Memis had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Valerie Memis is subject to individual liability under the FLSA.

17. At all relevant times, Defendants owned and operated as "The Factory Diner," a restaurant located at 239 W. Main Street, Park Hills, MO, 63601.

18. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19. Defendants, and each of them, are sued in both their individual and corporate capacities.

20. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

23. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

24. The provisions set forth in the M.R.S. Sections 290.500 through 290.530 apply to Defendants.

25. At all relevant times, Plaintiff was an "employee" of Defendants as defined by M.R.S. § 290.500.

26. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by M.R.S. § 290.500.

27. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

28. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

30. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

31. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

32. Defendants own and/or operate as "The Factory Diner," an enterprise located in Farmington, Missouri.

33. Defendants own and operate locations at 200 W. 1st Street, Farmington, MO, 63640; 814 Market Street, Farmington, MO 63640; and 239 W. Main Street, Park Hills, MO, 63601.

34. Plaintiff was hired by Defendants in approximately 2016.

35. At all relevant times, Plaintiff worked for Defendants until approximately September 30, 2020.

36. At all relevant times, in his work for Defendants, Plaintiff worked as a lead cook and kitchen manager for Defendants.

37. Plaintiff performed work for Defendants at all three of their locations. Oftentimes, Plaintiff would work at multiple locations in the same workweek.

38. In his work for Defendants, Plaintiff performed cooking duties, as well as overseeing the other cooks and back of house workers.

39. Defendants, in their sole discretion, determined Plaintiff's rate of pay to be $80 per day.

40. Plaintiff, in his work for Defendants, was generally scheduled to, and did, work between 54 and 60 hours per week.

41. Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

42. Rather than classify Plaintiff as an employee, Defendants classified Plaintiff as 1099 independent contractor.

43. Despite having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee as defined by the FLSA, 29 U.S.C. § 201, et seq. and M.R.S. §§ 290.500-290.530.

44. Plaintiff, in his work for Defendants, used Defendants' equipment and wore a company uniform.

45. At all relevant times, Defendants controlled Plaintiff's schedule.

46. At all relevant times, Plaintiff was economically dependent on Defendants.

47. The following further demonstrates that Plaintiff was an employee of Defendants:

    a. The work performed by Plaintiff was akin to a specialty job on the production line;

    b. Defendants had the right to hire and fire Plaintiff;

    c. Defendants made the decision not to pay overtime to Plaintiff;

    d. Defendants supervised Plaintiff and subjected him to their rules;

    e. Plaintiff had relatively insignificant financial investment;

    f. Plaintiff had no opportunity for profit or loss in the business;

      g.      The work that Plaintiff performed for Defendants was not work that required initiative, judgment, or foresight;

      h.      The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

      i.      Plaintiff was hired as a permanent employee, working for Defendants for continuous unspecified amounts of time.

48. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate him for any of his overtime hours.

49. At all relevant times, Defendants controlled Plaintiff's schedules.

50. At all relevant times, Plaintiff was economically dependent on Defendants.

51. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

52. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving any overtime premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

53. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

54. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of M.R.S. §§ 290.500 through 290.530.

55. As a result of Defendants' willful failure to compensate Plaintiff any overtime wages whatsoever for such hours worked in excess of 40 hours in a workweek, Defendants violated 29 U.S.C. § 207(a).

56. As a result of Defendants' willful failure to compensate Plaintiff any overtime wages whatsoever for such hours worked in excess of 40 hours in a workweek, Defendants violated M.R.S. § 290.505.

57. Plaintiff was a non-exempt employee.

58. At all relevant times, Defendants failed to properly compensate Plaintiff for any of his overtime hours.

59. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA and Missouri minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the Missouri Minimum Wage Law.

60. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

61. Plaintiff is a covered employee within the meaning of the FLSA.

62. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

63. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

64. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

65. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under M.R.S § 290.527.

## DEFENDANTS ARE A "SINGLE ENTERPRISE" AND "JOINT EMPLOYER"

66. Defendants own and operate multiple Factory Diner restaurant locations.

67. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of restaurants under the name The Factory Diner.

68. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers under the FLSA.

69. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned restaurants.

70. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

71. Defendants run each restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

72. Defendants share employees between restaurant locations.

73. Defendants use the trade name "The Factory Diner" at all of their restaurant locations.

74. Defendants' restaurants are advertised on the same website.

75. Defendants provide the same array of products and services to their customers at its restaurant locations.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

78. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

79. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

80. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

81. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

82. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and

Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

83. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

84. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Gabriel Snow, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: MISSOURI MINIMUM WAGE LAW
### FAILURE TO PAY OVERTIME

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

87. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

88. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of M.R.S. § 290.505.

89. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated Missouri Minimum Wage Law.

90. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

91. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of Missouri Minimum Wage Law's minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of Missouri Minimum Wage Law.

92. Defendants have and continue to willfully violate Missouri Minimum Wage Law by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

93. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Gabriel Snow, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 12th day of October, 2020.

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon, 0089483 (OH)
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: james@bswages.com